[Civ. No. 5102.  First Appellate District, Division Two.—March 16, 1925.].

## W. S. SALISBURY, Respondent, v. CAMPE-ROSE COMPANY (a Corporation), Appellant.

[1] APPEAL — ALTERNATIVE METHOD — INSUFFICIENCY OF EVIDENCE.—Where an appeal is taken under the alternative method and an assignment of error relating to the sufficiency of the evidence is submitted by the appellant upon the mere statement that "it is self-evident that the competent evidence in the record is insufficient to justify the verdict," and no other argument is made to support such point and the evidence itself is not printed in the record, the appellate court should affirm the judgment upon that point.

[2] ID.—INFLUENCING OF JURY—EFFECT OF DEFENDANT'S EVIDENCE.—In an action for damages for breach of contract, the fact that the jury is influenced by the unfavorable picture which defendant's witnesses disclose of its own trickery and deception in the conduct of its business relations with plaintiff does not constitute error of which defendant may complain on appeal.

[3] ID.—ERRORS IN LAW—INSUFFICIENT BRIEFS.—Where an appeal is predicated upon "error in law occurring at the trial and excepted to by the appellant," but appellant does not direct the appellate court's attention to any specific error and does not make any argument in support of the point other than to refer the court to what is said under the heading, "The verdict is against law," it is

not incumbent upon the court to search the record to aid the appellant on the appeal.

[4] ID.—BREACH OF AGENCY CONTRACT—VERDICT—BURDEN OF SHOWING ERROR.—In this action for damages for breach of a contract for the sale by plaintiff of automobiles of a certain make for which defendant held the agency, plaintiff's cause of action having been predicated upon a supplemental contract entered into with defendant and which continued in effect the provisions of a prior agreement between plaintiff and the former agent for said make of automobile, if the verdict awarding plaintiff damages based upon such supplemental agreement was not sustained by the evidence, it was the duty of defendant to make that showing upon appeal, which he did not do.

[5] ID.—SWEARING OF WITNESS—SUBSEQUENT TESTIMONY.—Where a person has been sworn as a witness in a case and has testified therein, it is wholly unnecessary to put him through the form of swearing again in order to permit him to give further testimony; and it is also immaterial whether his answers to further questions are given from the witness-chair or while standing at the counsel table.

[6] ID.—REDUCTION OF VERDICT — ERRONEOUS RULING — ABSENCE OF PREJUDICE.—The verdict of the jury in favor of plaintiff having been predicated upon the number of car orders, both written and oral, which plaintiff had on hand, and the trial judge, in reducing the amount of the verdict, having reached the conclusion that the orders which were not in writing should not be deemed to be business on hand, such ruling (whether correct or not) was not prejudicial to defendant and, therefore, it had no ground of appeal therefrom.

(1) 4 C. J., p. 485, n. 1.    (2) 4 C. J., p. 717, n. 23, New.    (3) 4 C. J., p. 1068, n. 22.    (4) 4 C. J., p. 773, n. 5.    (5) 40 Cyc., p. 2410, n. 78.    (6) 4 C. J., p. 781, n. 24, p. 922, n. 75.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of this court.

Hoefler, Cook & Lingenfelter for Appellant.

Colston & Hamm and J. G. Moser for Respondent.

NOURSE, J.—This is an action for damages for breach of contract. The cause was tried before a jury and verdict

for $3,231, the full sum demanded in the complaint, was returned in favor of the plaintiff and judgment was entered accordingly. Thereafter the defendant moved for a new trial and pending the determination thereof the trial judge reduced the judgment to the sum of $2,110. This remission was accepted by the plaintiff, the motion for a new trial was denied, and judgment for the reduced sum was accordingly entered. From this judgment the defendant appeals under the provisions of section 953a of the Code of Civil Procedure.

On this appeal four assignments of error are made as follows: (1) Excessive damages appearing to have been given under the influence of passion and prejudice; (2) Insufficiency of the evidence to justify the verdict and judgment; (3) That the verdict is against law; and (4) Error in law occurring at the trial and excepted to by the defendant.

[1] The second assignment of error, that relating to the insufficiency of the evidence, is submitted to us by the appellant on the mere statement that "it is self-evident that the competent evidence in the record is insufficient to justify the verdict." No other argument is made in support of this point and the evidence itself it not printed in the record. For this reason alone we should affirm the judgment upon that point (*Estate of Berry,* 195 Cal. 354 [233 Pac. 330]). In addition to this, after the respondent had printed portions of the evidence tending to support the verdict and had pointed out to us the conflict in the testimony of various witnesses, the appellant in its reply brief practically withdrew the point in its statement that "no issues of fact are now before this court."

Upon the point that the damages were excessive, the appellant does not print any of the evidence and does not direct our attention to any portion of the typewritten transcript bearing upon the point urged. [2] From our examination of the transcript we are unable to find any evidence supporting the contention that the verdict was the result of passion or prejudice unless it be that the jury was influenced by the unfavorable picture which the appellant's witnesses disclosed of its own trickery and deception in the conduct of its business relations with the respondent. We cannot say whether this evidence influenced

the verdict, but, if it did, it is not an error of which the appellant may complain.

[3] To the point, "error in law occurring at the trial and excepted to by the appellant," the appellant has not directed our attention to any specific error and has not made any argument in support of the point urged other than to refer us to what is said under the heading, "The verdict is against law." If an assignment of error is not of sufficient importance to justify an appellant in making an argument in the brief in support of it, it is not incumbent upon this court to search the record to find error to aid the appellant on the appeal.

Under the assignment that the verdict is against law, the whole argument is based upon a misconception of the issues of the case. The respondent sued upon a claim for damages for breach of contract and alleged that on December 27, 1921, he entered into a written contract with Lou H. Rose Company whereby respondent was to act as dealer of Maxwell motor vehicles for which said company was then distributor. It was then alleged that while the respondent was acting under the terms of this contract and about July 1, 1921, the appellant Campe-Rose Company, a corporation, became the successor of Lou H. Rose Company and that the plaintiff continued to act as such dealer for the appellant under the old contract; that about the twelfth day of July, 1922, appellant and respondent entered into a supplemental agreement to the effect that the contract should terminate upon plaintiff's completing any unfinished business then on hand; that in accordance with said agreement and the supplement thereto the respondent continued in the actual sale of said motor vehicles and to take orders therefor, and that he did actually sell and contract to deliver fifteen touring cars, one sedan, and one coupe for the total price of $16,145, for which he was entitled to a discount by way of commission at the rate of twenty per cent on the factory price of the cars sold.

All the material allegations of the complaint were denied in the answer and the affirmative allegation was made that on the first day of June, 1922, the appellant entered into a contract with the Maxwell Motor Sales Company whereby it became a distributor for Maxwell motor vehicles in the same territory as that named in the original contract with

Lou H. Rose Company, and that said Lou H. Rose Company was not interested in the latter contract.

From this it is argued that the Lou H. Rose Company, having ceased to be a distributor for the Maxwell cars on June 1, 1922, its contract with the respondent became abrogated on that date. From the foregoing *résumé* of the pleadings it will be seen that the claim for damages is based, not upon the contract of Lou H. Rose Co. of December 27, 1921, but upon the contract between appellant and respondent made on the 12th of July, 1922. This contract referred to in the pleadings and briefs as the supplemental contract of July 12th is found in the appellant's letter of that date addressed to the respondent and signed by Lou H. Rose, vice-president of that corporation. It was written upon the following letter-head of the corporation: "Campe-Rose Co. *Successors to Lou H. Rose Co.*," and reads as follows:

"W. S. Salisbury,
   "555 Valencia St.,
      "San Francisco, Calif.
"Dear Mr. Salisbury:

"The correspondence which we have been awaiting from Detroit arrived today and I regret to report that the general policy as outlined, indicates very clearly that for the future, the factory will expect us to cover our retail territory. Under these circumstances, and as explained in our recent conversation, we feel that you should be advised as to what the future policy will be so that you can make your plans accordingly. I believe you mentioned at the time another proposition pending, which under the circumstances, would most likely be advisable to accept. I will say, however, *that there is no objection on our part to your completing any unfinished business now on hand.* Both Mr. Campe and myself are very sorry that future policies will not justify a continuance of our relations.

"Yours very truly,
   "CAMPE–ROSE COMPANY,
      "(Signed) LOU H. ROSE."

The pith of the contract is in that portion of the letter from which it appears that the appellant authorized the

respondent to complete any unfinished business then on hand. Evidence was offered without objection to show that from June 1, 1922, when the Lou H. Rose Co. retired from business as distributor of the Maxwell cars, the respondent and all other dealers within the territory covered by that company were orally directed to continue the business as such dealers upon the same basis as that fixed in their written contracts with the Lou H. Rose Company. Evidence was also offered that all these dealers, including the respondent, were led to believe that they would be given written contracts with the appellant, and in case of respondent the agent for appellant frankly admitted that his purpose was to deceive the respondent into thinking that his contract would be rewritten until the appellant was able to procure another dealer or make other arrangements regarding the sale of cars in the territory covered by respondent's contract. During all this time the respondent was led to believe that the appellant corporation was the successor in interest to the Lou H. Rose Co., and the appellant held itself out to the public to be such. During all this time the appellant led the respondent to believe that he was acting as dealer for it under the same terms as those contained in the contract with Lou H. Rose Co. and cars were delivered to the respondent by the appellant and settlements made therefor upon the basis of the old contract. At the same time the appellant corporation caused to be printed in the public press an advertisement of the Maxwell cars in which the corporation announced the respondent as its authorized dealer. The letter of July 12, 1922, was, therefore, merely a written confirmation of the oral arrangements between the parties whereby the appellant obligated itself to pay the respondent for any unfinished business in the hands of the respondent upon the terms of the old contract. The question of fact to be determined by the jury was, therefore, how much unfinished business the respondent then had on hand.

From the fragmentary portions of the evidence printed in the briefs it appears that the respondent claimed to have had on hand orders for fifteen touring cars, one sedan, and one coupe, and that for these cars written orders covering ten were received in evidence and that as to the others

respondent claimed to have procured a sale though he had no written order as evidence thereof.

The jury returned a verdict for $3,231, which was the full amount demanded in the complaint. [4] Appellant attacks this verdict upon the ground that it is not sustained by the evidence and that it must be against law, and that it can only be accounted for as damages upon the contract with the Lou H. Rose Company. In this regard the appellant directs our attention to the court's instruction that the breach of the original contract did not entitle the plaintiff to any damages against the defendant, Campe-Rose Company. We do not understand that this instruction is involved in the verdict at all. The respondent was not seeking damages for breach of the original contract by the appellant, but was merely seeking damages for the breach of the contract contained in the letter of July, 1922. If this verdict was not sustained by the evidence it was the duty of the appellant to make that showing upon this appeal. That it has not done so has already been pointed out in connection with the first assignment of error. The appellant merely copied from the transcript portions of the evidence covering the subject of the price of the cars at the factory and showing that the discount was to be allowed on that basis, a point which is not in dispute upon this appeal. In addition to this, the appellant has printed portions of the transcript covering a colloquy between the trial judge and counsel at the close of the trial wherein the trial judge endeavored to clear up the conflicting evidence covering the number of cars sold and the discounts which should be allowed. At that time the trial judge directed his questions to counsel for both parties, as well as to the respondent, and this was all done without objection from either party. [5] The only objection which appellant makes at this time is that the respondent was not sworn when he gave these answers. It appears from the record that he had been previously sworn and testified and, of course, it was wholly unnecessary to put him through the form of swearing again. Whether he gave his answers from the witness-chair or while standing at the counsel table does not appear in the record and it is wholly immaterial anyway.

[6] Appellant has not cited us to any evidence bearing in any respect upon the point at issue, that is, the

amount of business which the respondent had on hand when appellant's letter of July 12th was written. We must, therefore, assume, in support of the judgment, that the jury deemed that evidence was sufficient to show that the respondent had on hand a sufficient number of car orders to warrant a verdict in the amount which it rendered. In reducing the amount of the verdict the trial judge merely exercised his discretion, probably reaching the conclusion that the orders which were not in writing should not be deemed to be business on hand. Though we are not prepared to say the trial judge was correct in this ruling, it is plainly evident that the appellant was not prejudiced thereby, and it has, therefore, no ground of appeal.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

Appellant's petition to have the cause heard in the supreme court after judgment in the district court of appeal. was denied by the supreme court on May 15, 1925.

All the Justices concurred.